Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plaintiff was sustained.

No. 65942.—Barian Shipping & Co., Inc., and Mr. Adrians et al. *v.* United States, protests 60/2883–S, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plaintiffs was sustained.

No. 65943.—Hercules Division, American Machine & Foundry Co. *v.* United States, protest 61/2451 (Los Angeles).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plaintiff was sustained.

No. 65944.—Andrew Fisher Cycle Co., Inc., et al. *v.* United States, protests 61/2860, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plaintiffs was sustained.

**No. 65945.**—Sears, Roebuck and Co. *v.* United States, protest 61/4513–11770 (Chicago).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, JULY 27, 1961

**No. 65946.**—Hoyt, Shepston & Sciaroni *v.* United States, protest 59/5321 (Los Angeles).

RAO, Judge: This is a motion to dismiss as untimely and premature plaintiff's protest against the collector's alleged classification of a mail shipment of artificial teeth, within the provisions of paragraph 397 of the Tariff Act of 1930, as articles or wares, plated with gold, and the alleged assessment thereon of duty at the rate of 65 per centum ad valorem.

Evidence taken in connection with the motion reveals that, at about the time the merchandise was delivered to plaintiff, the nominal consignee, estimated duties at the rate of 65 per centum ad valorem were paid, and a receipt therefor was issued by the mail clerk. A photostat of the face side of the receipt given to the payer was admitted into evidence as plaintiff's exhibit 1. It is dated April 30, 1958, and, in addition to a description of the merchandise, its value, and the rate and amount of duties charged and paid, the receipt contains the notation, "Withhold Liquidation. M. R."

Counsel stipulated that the following statement appears on the reverse side of plaintiff's exhibit 1:

Notice: Liquidation of amount of duties and taxes, if any, due on this entry is effective on date of payment of this amount. For importer's right to protest